MANDOUR & ASSOCIATES, APC
JOSEPH A. MANDOUR, III (SBN 188896)
Email: jmandour@mandourlaw.com
BEN T. LILA (SBN 246808)
Email: blila@mandourlaw.com
8605 Santa Monica Blvd., Suite 1500
Los Angeles, CA 90069
Telephone:  (858) 487-9300
Facsimile: (858) 487-9390
Attorneys for plaintiffs,
NELSON MOTIVATION, INC. and DR. BOB NELSON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELSON MOTIVATION, INC., a California Corporation; and DR. BOB NELSON, an individual,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>WALTON MOTIVATION, INC., a Pennsylvania Corporation; DAVID OLSON, an individual; and DOES 1 – 10,<br><br>　　　　Defendants. | Civil Case No. 2:16-cv-01843<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND RELATED CLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

　　　Plaintiffs NELSON MOTIVATION and DR. BOB NELSON (collectively "plaintiffs"), by and through its counsel, allege as their complaint against WALTON MOTIVATION, INC. and DAVID OLSON (collectively "defendants") as follows:

# NATURE OF THE ACTION

1. This is an action for copyright infringement pursuant to 17 U.S.C. § 501, *et seq.*, declaratory relief under 28 U.S.C. § 2201, and breach of contract, misappropriation of name and likeness, and unfair competition under California state law.

# THE PARTIES

2. Plaintiff NELSON MOTIVATION, INC. ("NMI") is a California Corporation in San Diego, California.

3. Plaintiff DR. BOB NELSON is an individual residing in San Diego, California.

4. Defendant Walton Motivation, Inc. ("Walton") is a corporation organized under the laws of Pennsylvania and having an address of 2702 W. Allen Street, Allentown, Pennsylvania 18104-4728

5. Plaintiff DAVID OLSON is an individual residing in Allentown, Pennsylvania.

6. Plaintiffs are unaware of the actions, names and/or true capacities of other parties referred to herein as DOES 1 - 10, whether individual, corporate and/or partnership entities and therefore will seek leave to amend this complaint when their actions and/or true names and capacities are ascertained.

7. Plaintiffs are informed and believe, and thereupon allege, that said parties are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and service.

8. Plaintiffs are informed and believe, and thereupon allege, that at all relevant times herein, each of the Defendants herein, directed, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their actions and/or inactions directed, ratified and encouraged such acts and behavior. Plaintiffs further allege that Defendants had a

non-delegable duty to prevent or cure such acts and the behavior described herein, which duty Defendants failed and/or refused to perform.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this lawsuit under 28 U.S.C. § 1338 because the action arises under the copyright and declaratory judgment laws of the United States, and pendant jurisdiction of any and all state causes of action under 28 U.S.C. § 1367.

10. This Court has personal jurisdiction over defendants because defendants systematically and continuously direct business activities toward and into the Central District of California through sales, marketing, and advertising.

11. Venue is proper and reasonable in this district under 28 U.S.C. § 1391(b)(1) & (2) because a substantial part of the events or omissions giving rise to the claims herein occurred in this district and defendants have significant, substantial and continuous contacts with the district.

## FACTS

12. Plaintiff Dr. Bob Nelson is a leading expert on employee motivation, performance, engagement, recognition, and rewards. He holds an MBA in organizational behavior from UC Berkeley and received his PhD in management. He has taught in the MBA program at the Rady School of Management at the University of California in San Diego.

13. Dr. Nelson has worked with the majority of Fortune 500 companies and has presented on six continents. He has appeared extensively in the national media including CBS 60 Minutes, CNN, MSNBC, CNBC, PBS, National Public Radio and has been featured in The New York Times, The Wall Street Journal, The Washington Post, BusinessWeek, Fortune, Inc., and other media to discuss how to best motivate today's employees.

14. Dr. Nelson has sold 4 million books on management and motivation,

which have been translated into 37 languages, including 1001 Ways to Reward Employees, now in a new edition entitled 1501 Ways to Reward Employees, The 1001 Rewards & Recognition Fieldbook, 1001 Ways to Take Initiative at Work, Keeping Up in a Down Economy: What the Best Companies Do to Get Results in Tough Times, and The Management Bible.

15. NMI is the assignee of Dr. Nelson's copyright rights to *inter alia* the works entitled list "1501 Ways to Reward Employees" and "1001 Ways to Reward Employees," (the "Works"), which are the subject of U.S. Copyright Registration Nos. TX 7-547-752, TX 6-196-443 and TX 3-789-192. True and correct copies of the copyright registrations are attached hereto as **Exhibit A**.

16. Dr. Nelson is also the president of Nelson Motivation Inc., a management training and consulting company located in San Diego, California that specializes in helping organizations improve their management practices, programs, and systems.

17. On or about April 20, 2010, Nelson Motivation, Inc. entered into a license agreement with Walton Motivation, Inc. (the "License Agreement"). The License Agreement granted Walton Motivation, Inc. a right to use plaintiffs' intellectual property including, the copyright in the Works, plaintiffs' trademarks, and Dr. Bob Nelson's likeness. A true and correct copy of the license agreement is attached hereto as **Exhibit B**.

18. As part of Dr. Nelson's compensation for the License Agreement, he was granted eight (8) of the one hundred (1) original shares in Walton. Dr. Nelson subsequently purchased and acquired one (1) additional share. Dr. Nelson's nine (9) shares were later split 10 to 1 becoming ninety (90) total shares of stock.

19. Plaintiffs' likeness and the Works were integrated by Walton into advertising, website marketing, and a new software service entitled Recognition PRO.

20. Due to poor business decisions and mismanagement by its president and primary shareholder, David Olson, Walton was ultimately unsuccessful accruing $200,000 in outstanding debt.

21. In or about April 2015, the license agreement between Walton and Nelson Motivation terminated. Nonetheless, defendants continued to use plaintiffs' name, likeness and Works in advertising for RecognitionPRO. A true and correct copy of the RecognitioPRO.com website dated January 20, 2016 is attached hereto as **Exhibit C**.

22. Plaintiffs allege on information and belief that defendants have maintained in their possession and/or control an unauthorized copy of the RecognitionPRO underlying software, which infringes plaintiffs' rights to the Works. Attached hereto as **Exhibit D** is information from plaintiff's copyright work which appears directly as data in the infringing RecognitionPRO software.

23. Plaintiffs have repeatedly provided notice to defendants to cease all use of plaintiffs' name, likeness and Works, but defendants have failed to do so. Defendants have acknowledged that they have no right to use Dr. Nelson's likeness. Additionally, defendant David Olson, the largest shareholder of Walton, unilaterally alleged Dr. Bob Nelson's shares were "forfeited" despite providing no notice, accounting, or other corporate record reflecting such a forfeiture.

24. Plaintiffs allege on information and belief that David Olson had full knowledge of the infringement and misappropriation of likeness, and individually directed the infringing acts and omissions. Plaintiffs further allege on information and belief that David Olson is directing the infringing acts and provided for the forfeiture of shares to personally profit outside his role as an officer and primary shareholder of Walton.

## First Claim for Relief

**(Copyright Infringement)**

25. Plaintiffs repeat and incorporate by reference the statements and allegations in paragraphs 1 to 23 of the complaint as though fully set forth herein.

26. At all times relevant hereto, plaintiff NMI has been the assignee of all copyright rights or rights to assert copyright claims for the Works.

27. Without authorization, defendants used, copied, reproduced, and republished the copyrighted material. Defendants' copying, reproduction, and republication were commercial in character and purpose. Defendant either completely or substantially used plaintiff's copyrighted content. Because the copying was for the purpose of competing with plaintiff, it did not constitute fair use under any doctrine of copyright law.

28. Plaintiffs did not authorize defendant's copying, displaying, or republishing of the works. Defendants infringed the copyrights of plaintiff's creative works by reproducing, republishing, publicly displaying, and creating derivatives of the works.

29. As a result of defendants' infringement, plaintiffs have suffered, and will continue to suffer, substantial losses.

30. Defendants knew the infringed works belonged to plaintiff and that it did not have authorization to exploit plaintiff's works. Defendants' infringements were therefore willful.

31. On information and belief, defendants induced, caused, and materially contributed to the infringing acts of others by encouraging, inducing, allowing, and assisting others to reproduce and republish plaintiff's works. Further, on information and belief, defendant had knowledge of the infringing acts of others relating to plaintiff's copyrighted works.

32. On information and belief, defendants had the right and ability to control the infringing acts of the individuals and entities that directly infringed plaintiff's works. Further, on information and belief, defendants obtained a direct financial benefit from the infringing activities of the individuals or entities that

directly infringed plaintiff's works.

33. Defendants' actions, as set forth above, constitute copyright infringement in violation of the Copyright Act, 17 U.S.C. § 501, *et seq.*, all to the damage of plaintiff as previously alleged.

## Second Claim for Relief

### (Breach of Contract)

34. Plaintiffs repeat and incorporate by reference the statements and allegations in paragraphs 1 to 33 of the complaint as though fully set forth herein.

35. Defendants' use of plaintiffs' copyright and likeness after termination of the License Agreement constitutes an explicit and material breach of the agreement. Moreover, defendants' have failed to conduct and provide a proper accounting of sums, including royalties, due to plaintiff under the License Agreement.

36. Plaintiffs' have suffered damages and continue to suffer harm from defendants' breach. Plaintiffs' also have no adequate remedy at law.

37. Defendants' conduct has been willful and deliberate.

38. Plaintiffs are therefore entitled to damages and specific relief for defendants' breach.

## Third Claim for Relief

### (Misappropriation of Name and Likeness, Cal Civ. Code § 3344 *et seq.*)

39. Plaintiffs repeat and incorporate by reference the statements and allegations in paragraphs 1 to 38 of the complaint as though fully set forth herein.

40. Defendants, by virtue of their acts as alleged above, have willfully, knowingly, and intentionally misappropriated Plaintiff Dr. Bob Nelson's name and likeness in adopting and marketing products under the name Dr. Bob Nelson, to defendants' commercial and other advantage, in violation of the statutory and common law of the State of California.

41. As a result of the foregoing, plaintiffs have been injured, and

defendants have received illicit profits and wrongful gains.

42. Defendants' conduct has also caused, and if not enjoined, will continue to cause irreparable damage to Plaintiffs in a manner that cannot be calculated or compensated in money damages. Plaintiffs have no adequate remedy at law for such harm.

43. Defendants' conduct has been willful and deliberate.

## Fourth Claim for Relief

### (Violation of Right of Publicity, Cal Civ. Code § 3344 *et seq.*)

44. Plaintiffs repeat and incorporate by reference the statements and allegations in paragraphs 1 to 43 of the complaint as though fully set forth herein.

45. Defendants, by virtue of their acts as alleged above, have willfully, knowingly, and intentionally violated plaintiff Dr. Bob Nelson's right of publicity in using without authorization his name and likeness in adopting and marketing products under the name Dr. Bob Nelson to defendants' commercial and other advantage, in violation of the statutory and common law of the State of California.

46. As a result of the foregoing, plaintiffs have been injured, and defendants have received illicit profits and wrongful gains.

47. Defendants' conduct has also caused, and if not enjoined, will continue to cause irreparable damage to plaintiffs in a manner that cannot be calculated or compensated in money damages. Plaintiffs have no adequate remedy at law for such harm.

48. Defendants' conduct has been willful and deliberate.

## Fifth Claim for Relief

### (Declaratory Relief)

49. Plaintiffs repeat and incorporate by reference the statements and allegations in paragraphs 1 to 48 of the complaint as though fully set forth herein.

50. Defendants have claimed that Dr. Bob Nelson's shares in Walton were "forfeited" and that plaintiff no longer holds shares in Walton.

51. Defendants have provided no documentation of any such forfeiture nor provided plaintiff with proper accounting.

52. An actual case and controversy exists with respect to the ownership of shares in Walton.

53. As such, plaintiff Dr. Bob Nelson entitled to a declaratory judgment that his shares in Walton were not forfeited.

### Sixth Claim for Relief

### (State Law Unfair Competition – Cal. Bus. & Prof. Code §17200)

54. Plaintiffs repeat and incorporate by reference the statements and allegations in paragraphs 1 to 53 of the complaint as though fully set forth herein.

55. Defendant's acts as set forth herein constitute unfair competition as defined in California Business and Professions Code § 17200, *et seq.*, all to the damage of plaintiff as previously alleged.

### Seventh Claim for Relief

### (Common Law Unfair Competition)

56. Plaintiffs repeat and incorporate by reference the statements and allegations in paragraphs 1 to 55 of the complaint as though fully set forth herein.

57. Defendants' acts, as set forth above, constitute unfair competition as defined by California common law, all to the damage of plaintiff as previously alleged.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ask that this Court grant judgment against defendant for the following:

A. Defendants, its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, be temporarily restrained, and preliminarily and permanently enjoined from:

   i. infringing plaintiff's copyright, including without limitation using

the RecognitionPRO software, RecognitionPro.com domain name or website;

    ii.    using any likeness similar to plaintiffs, including without limitation Dr. Bob Nelson;

    iii.    competing unfairly with plaintiff in any manner, including infringing any of plaintiff's copyright and trademark rights; and

    iv.    conspiring, encouraging, inducing, allowing, abetting, or assisting others in performing any of the activities referred to in subparagraphs (i) - (iii) above.

B.    Defendants, their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, deliver for destruction, or show proof of destruction of, any and all products, labels, signs, prints, packages, wrappers, receptacles, and advertisements, and any other materials in its possession or control that depict or reference any of plaintiff's copyrighted materials any materials or articles used for making or reproducing the same.

C.    Defendants file with the Court and serve on plaintiff, within 30 days after the entry and service on defendant of an injunction, a report in writing and attested to under penalty of perjury setting forth in detail the manner and form in which defendant has complied with the provisions of subparagraphs (A) and (B) above.

D.    Plaintiffs recover all damages they have sustained as a result of Defendants' infringement.

E.    An accounting be conducted of defendant's corporation, including a determination of defendant's profits resulting from its infringement and unfair competition and plaintiff's unpaid royalties and that the sums be paid over to plaintiff, increased as the Court determines is appropriate to the circumstances of this case.

F. Plaintiffs be awarded defendants' profits, corrective advertising damages and enhanced damages.

G. Plaintiffs be awarded statutory damages.

H. Plaintiffs be awarded his reasonable attorneys' fees for prosecuting this action.

I. Plaintiffs recover his costs of this action and pre-judgment and post-judgment interest, to the full extent allowed by law.

J. Plaintiffs receive all other relief the Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by the jury on his claims herein and all issues and claims so triable in this action.

Respectfully submitted,

Dated: March 17, 2016          MANDOUR & ASSOCIATES, APC


      /s/ Ben T. Lila
Ben T. Lila (SBN 246808)
Email: blila@mandourlaw.com
Attorneys for plaintiffs,
NELSON MOTIVATION, INC. and
DR. BOB NELSON